**In re Rudie William PLETZ, Debtor.**

**Rudie William Pletz, Appellant,**

v.

**United States of America, Appellee.**

**Case No. 397–30506–ELP13.
Adversary No. 98–01357.**

United States District Court,
D. Oregon.

Dec. 22, 1998.

Richard Parker, Portland, for Appellant.

Kristine Olson, United States Attorney, Portland, Thomas Dosik, U.S. Dept. Of Justice, Washington, D.C., for Appellee.

ORDER

MARSH, District Judge.

Appellant seeks review of a bankruptcy court's decision regarding the application of a tax lien to his value in real property owned jointly with his wife. The bankruptcy court refused to confirm appellant's Chapter 13 reorganization plan when it sustained the IRS' objection based upon the appellant's value in his property. Appellant claims that the IRS has no lien against his value in the property, that the court erred in valuing his interest in the property and that the court erred in admitting expert testimony from the IRS.

My review of Judge Perris' legal conclusion regarding the application of the lien is *de novo*. *In Re Chabot*, 992 F.2d 891, 892 (9th Cir.1993). My review of

Judge Perris' factual determination regarding the value of the property is for clear error. *Id.* Review for the admission of expert testimony is for abuse of discretion. *Scott v. Ross,* 140 F.3d 1275 (9th Cir.1998), *petition for cert. filed* Nov. 24, 1998.

■ I have carefully reviewed Judge Perris' November 25, 1997 opinion and March 30, 1998 letter decision. I find that she properly interpreted Oregon law and correctly concluded that the IRS' lien attached to appellant's joint tenancy interest in his real property. I find appellant's reliance upon *United States v. Rodgers,* 461 U.S. 677, 103 S.Ct. 2132, 76 L.Ed.2d 236 (1983) misplaced as that decision relied upon the Court's interpretation of Texas law.

I also find that Judge Perris fairly valued the appellant's interest in real property and appropriately divided that interest with that of his spouse. The court expressly noted and addressed the weaknesses of both parties' experts and gave limited weight to both. I find that she reached a fair valuation.

Accordingly, the bankruptcy court's decision is AFFIRMED.

IT IS SO ORDERED.